| | | |
|---|---|---|
| | AUSA: Diane Princ | Telephone: (313) 226-9100 |
| AO 91 (Rev. 11/11)  Criminal Complaint | Task Force Officer: Joshua Scott | Telephone: (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the

### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Alonta Jerome HOWELL | Case: 2:24−mj−30027<br>Assigned To : Unassigned<br>Assign. Date : 1/24/2024<br>CMP: USA v HOWELL (MAW) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 15, 2024_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in posession of a firearm |
| 18 U.S.C. § 922(o) | Illegal possession of a machine gun |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute controlled substances |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Task Force Officer Joshua Scott, A.T.F.
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: ___January 24, 2024___

_____
*Judge's signature*

City and state: _Detroit, Michigan_

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Task Force Officer Joshua M. Scott, being first duly sworn, hereby depose and

state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a police officer with the City of Detroit and have been a member of the

   Detroit Police Department (DPD) since October 2017. I became a member

   of the Detroit Police Department's Firearms Investigation Team (FIT) in

   August 2020. I am a Task Force Officer (TFO) sworn and deputized by the

   Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am an

   "investigative or law enforcement officer" within the meaning of 18 U.S.C.

   § 2510(7); that is, an officer of the United States who is empowered by law

   to conduct investigations of, and to make arrests for offenses enumerated in

   18 U.S.C. § 2516. Throughout my career as a DPD Police Officer and ATF

   Task Force Officer, I have participated in investigations involving narcotics

   and firearms, as well as numerous investigations that resulted in the

   execution of search and arrest warrants. Due to my investigative experience,

   I have become familiar with common patterns of behavior associated with

   drug trafficking and firearms violations.

2.  I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

3.  ATF is currently conducting a criminal investigation concerning Alonta Jerome HOWELL (Black Male, DOB: XX/XX/1995) for violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), 18 U.S.C. § 922(o) (illegal possession of a machinegun), and 21 § U.S.C. 841(a) (possession with the intent to distribute controlled substances).

## PROBABLE CAUSE

4.  I reviewed a computerized criminal history and Michigan Third Circuit Court Records for HOWELL, which revealed the following felony arrests and convictions:

    a.  On September 13th, 2020, HOWELL was charged with one felony count of carrying a concealed weapon, two felony counts of resisting

2

and obstructing a police officer in Wayne County's Third Circuit Court. HOWELL on December 18th, 2020, pled no contest as charged.

b. On October 22nd, 2021, HOWELL was charged with one felony count of possession of a cellular phone in a jail in Wayne County's Third Circuit Court. On April 6th, 2022, HOWELL pled guilty.

5. I also reviewed a computerized criminal history and Kentucky Madison County Court Records for HOWELL, which revealed the following felony arrest and conviction:

a. On May 24th, 2017, HOWELL was charged with one felony count of Receiving Stolen Property $10,000 or more, Class C Felony in Madison County's Court. On November 29th, 2017, HOWELL pled guilty and served 28 months in prison Division 1. HOWELL at the conclusion of his prison term signed a mandatory reentry supervision form that explicitly stated that he was a convicted felon and no longer able to purchase, own, or have any firearm or weapon in his possession.

6. On January 15, 2024, at approximately 8:08 pm, Detroit Police Department (DPD) officers were in full uniform and on patrol in a semi-marked vehicle near Emery and Russel Streets in Detroit. The officers observed a man the

3

later determined to be HOWELL driving a gray Nissan Murano the wrong

way on Russell Street, which is a posted one-way street. Officers also

observed HOWELL talking on a cellphone while operating the vehicle.

Officers conducted a U-turn to get behind the vehicle to initiate a traffic

stop.

7. HOWELL turned eastbound on Emery Street at a high rate of speed. Next,

officers observed the vehicle turn northbound on Hanna Street, before

turning eastbound on Remington Avenue. When officers arrived at the

intersection of Remington and Hull Street, they observed that HOWELL's

vehicle had struck a fire hydrant and was disabled. The vehicle was

unoccupied, and officers began searching the area to locate HOWELL.

8. Detroit Police Officer Yuseph Elzein was alerted by a neighbor in the

immediate area who stated that the driver ran behind a white car in the

driveway of 20124 Hull Street. Officer Elzein began canvassing the area

behind that parked vehicle and observed fresh footprints in the snow in the

alleyway behind 20124 Hull Street. Officer Elzein and Detroit Police Officer

Faizon Nundley began tracking the footprints northbound through the alley

to a doghouse at 20137 Greeley Street, and then eastbound on to Greeley

Street, where the footprints stopped at 20155 Greeley Street. Officer

4

Nundley observed the footprint pattern to resemble the sole of a Timberland boot, leading to the porch where HOWELL was located.

9.  As Officers approached the front of 20155 Greeley Street, Officer Elzein observed HOWELL matching the description of the driver operating the Nissan based on the matching clothing. Officer Nundley observed HOWELL wearing Timberland boots that appeared to match the footprints from the track. Officer Elzein spoke to HOWELL in an attempt to buy time while assisting officers made their location. HOWELL stated that he just exited the house to smoke a cigarette, but Officers observed snow on his boots and the blue beanie he was wearing lying under the bench that he was seated on.

10.  HOWELL walked off the porch and began walking toward a Jeep SUV that just pulled up to the location.  HOWELL was able to enter the passenger seat of the Jeep. Officers told HOWELL to exit the Jeep, and after a short time, HOWELL exited the Jeep and was arrested. Officers searched HOWELL's person and located a key for a Nissan.

11.  Officer Nundley and Officer Elzein began tracking the footprints from the porch back to the alleyway to the rear of 20137 Greeley Street. There, they searched the doghouse where they had seen fresh footprints. Inside the doghouse, officers located one large zip lock bag of what appeared to be

methamphetamine; that apparent methamphetamine was later weighed and

determined to weigh crystal meth weighing at 928.6 grams, and a TruNarc

test was positive for methamphetamine. Inside the same doghouse, officers

located and a Glock 20 Gen 4 10MM handgun, loaded with 15 rounds of

ammunition, including one round in the chamber. The handgun—which

was warm to the touch—was also equipped with a machine gun conversion

device commonly known as a "Glock Switch."

12.   On January 23, 2023, ATF Industry Operations Investigator (IOI), Karen

Sharpe queried HOWELL's name in the National Firearms Registration

and Transfer Record (NFRTR) for any National Firearms Act (NFA)

firearms and/or destructive devices registered to HOWELL. No NFA

firearms or destructive devices were located for HOWELL.

13.   On January 23, 2024, I contacted ATF Interstate Nexus Expert, Special

Agent Kevin Rambus, and provided information about the Glock, 20, gen

4, 10mm, and handgun Serial #BSPU542. SA Rambus concluded that the

firearm was manufactured outside the State of Michigan and are firearms as

defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3).

14.   On January 23, 2024, ATF Special Agent Kenton Weston also viewed

images of a firearm provided by TFO Scott. In addition to basic ATF

training, SA Weston is a graduate of a specialized course on privately

made firearms and machinegun conversion devices (PMF/MCD). SA

Weston has provided instruction to DPD officers, ATF Special Agents,

sheriff deputies, state troopers, and Task Force officers on the

identification of PMFs and MCDs. SA Weston has experience in the

investigation, seizure, and examination of dozens of PMFs and MCDs.

After viewing the images, SA Weston confirmed that the device affixed to

the firearm appeared to be a machinegun conversion device (MCD),

colloquially referred to as a "Glock Switch."

15.   Per SA Weston, an individual can affix an MCD to a Glock-style pistol to

make the pistol shoot automatically and function as machinegun. The

MCD is a small device that replaces the back plate and typically protrudes

from the back of the slide on a Glock-style pistol. When installed, the

device applies pressure to the trigger bar and disables the firearm's ability

to limit one round of ammunition to be fired per trigger pull. A

machinegun is a firearm under the National Firearms Act (NFA), 26

U.S.C. § 5845(a). A machinegun is defined, in pertinent part, as "any part

designed and intended solely and exclusively, or combination of parts

designed and intended, for use in converting a weapon into a machinegun."

26 U.S.C. § 5845(b). A MCD is a part, or combination of parts, designed

and intended for use in converting a semiautomatic Glock-style pistol into

7

a machinegun; therefore, it by itself, is a "machinegun." Possession of this suspected MCD is a violation of MCL 750.224e (possession of a conversion device) and may be a violation of 18 USC 922 (o) (illegal possession of a machine gun)

## CONCLUSION

16.    Based on the above facts, there is probable cause to believe that on January 15, 2024, while in the Eastern District of Michigan, Alonta Jerome HOWELL, a convicted felon, was in possession of the above described firearm and narcotics, in violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), 18 U.S.C. § 922(o) (illegal possession of a machine gun), and 21 § U.S.C. 841(a) (possession with the intent to distribute controlled substances).

Respectfully submitted,

Joshua M. Scott
Task Force Officer
Bureau of Alcohol, Tobacco,
    Firearms and Explosives

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Hon. Elizabeth A. Stafford
United States Magistrate Judge

8